## GULF STATES UTILITIES CO. v. CAUTHEN.

### No. 9968.

Court of Civil Appeals of Texas. Galveston.
May 18, 1934.

Dean & Humphrey and J. Davis, all of Huntsville, and Orgain, Carroll & Bell, of Beaumont (Y. D. Carroll, of Beaumont, of counsel), for appellant.

A. T. McKinney, Jr., J. F. Henson, and Gordon M. Burns, all of Huntsville, and Collins & Fairchild, of Lufkin (R. W. Fairchild, of Lufkin, of counsel), for appellee.

LANE, Justice.

This suit was brought by A. F. Cauthen against Gulf States Utilities Company, a corporation, hereinafter for convenience referred to as defendant company, to recover for personal injuries suffered by him personally while in the employ of defendant company, which was engaged in the manufacture of ice for sale to the general public.

Plaintiff alleged that his duties were to pull the manufactured blocks of ice from a chute as they came out of the plant and head the same up in the storage room; that the chute through which the ice moved to the storage room was defective, in that on one side thereof the tin or galvanized iron lining of the same became loose so that it would break the corners of the blocks of ice as they came through the chute; that water was spilled upon the floor where plaintiff was required to perform his work; that on September 8, 1931, he caught hold of one of the 300-pound blocks of ice to set it up on its end, but, as the end thereof was broken on one corner by the defective chute, when he took hold of it with his ice tongs to set it up, by reason of such break, it tilted, fell over, and jerked him, and caused him to slip on the

wet floor, and caused him to fall violently upon the floor; that by such fall he suffered such injuries to his body as to render him totally, wholly, and permanently incapacitated from performance of any labor.

He further alleged that the place in which he was required to work was an unsafe place to work, and sets out several acts of defendant's as negligence, which he alleged were proximate causes of his injuries. He alleged that at the time of his permanent injury he was 38 years of age and had been working for defendant at a salary of $115 per month. He prayed for the recovery of damages in the sum of $40,000.

The defendant company answered by a general demurrer, a number of special exceptions, a general denial, and a plea of contributory negligence on the part of plaintiff as the sole cause of plaintiff's injuries.

The case was tried before a jury upon the following special issues, to which the jury answered as here shown:

"Special Issue No. One. Do you find, from a preponderance of the evidence, that the plaintiff, A. F. Cauthen, sustained an injury on September 8, A. D. 1931, while undertaking to handle a block of ice in defendant's storage room while in the defendant's employ? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes' and only in that event, then answer the following issue:

"Special Issue No. Two. Do you find, from a preponderance of the evidence, that the tin or galvanized iron with which the chute or trough was lined through which the blocks of ice was transferred from the freezing plant to the storage room had become worn and loose on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes' and only in that event then answer the following issue:

"Special Issue No. Three. Do you find, from a preponderance of the evidence, that the worn and loose condition of the metal lining of the chute constituted a defect to said chute on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes,' and only in that event, then answer the following issue:

"Special Issue No. Four. Do you find, from a preponderance of the evidence, that the defective condition, if any, you have found existing to the metal lining of the chute, was directly and proximately caused by the negligence of some agent, servant or employee, of defendant, whose duty it was to keep the same in safe condition of repair, other than the plaintiff? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes' and only in that event then answer the following issue:

"Special Issue No. Five. Do you find, from a preponderance of the evidence, that such negligence, if any, was a proximate cause of plaintiff's injuries, if any, sustained by him on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"Special Issue No. Six. Do you find, from a preponderance of the evidence, that some agent, servant or employee of defendant, other than plaintiff, had spilled water on and over the floor of the storage room on September 8, 1931, causing same to thereby become in a wet and sleek condition on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes' and only in that event, then answer the following issue:

"Special Issue No. Seven. Do you find, from a preponderance of the evidence, that it was negligence upon the part of such agent, servant or employee to spill said water on said floor on said date, if they did? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"If you answer the above issue 'Yes,' and only in that event, then answer the following issue:

"Special Issue No. Eight. Do you find, from a preponderance of the evidence, that such negligence, if any, was a proximate cause of plaintiff's injury, if any he sustained on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "Yes."

"Special Issue No. Ten. Do you find, from a preponderance of the evidence, that it was the duty of plaintiff to repair any defect or defects that might occur to the chute or trough on or about September 8, 1931, while in the employ of defendant? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"If you answer the above issue 'Yes' and only in that event, then answer the following issue:

"Special Issue No. Eleven. Do you find, from a preponderance of the evidence, that the plaintiff, A. F. Cauthen, was guilty of negligence in failing to repair the lining of the chute on the occasion in question, if you have found that such lining was defective? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"If you have answered the above issue 'Yes' and only in that event, then answer the following issue:

"Special Issue No. Twelve. Do you find, from a preponderance of the evidence, that such negligence of plaintiff, if any, was a sole proximate cause of his injuries, if any he sustained on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"Special Issue No. Thirteen. Do you find, from a preponderance of the evidence, that the plaintiff, Cauthen, at the time in question spilled water upon the storage room floor? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"If you answer the above issue 'Yes' and only in that event then answer the following issue:

"Special Issue No. Fourteen. Do you find, from a preponderance of the evidence, that the spilling of water upon the floor by plaintiff, if he did so, at the time in question, was negligence upon his part? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"If you answer the above issue 'Yes' and only in that event then answer the following issue:

"Special Issue No. Fifteen. Do you find, from a preponderance of the evidence, that plaintiff's negligence, if any, in spilling water upon the floor of the storage room, if he did so, was a sole proximate cause of his injuries, if any he sustained on September 8, 1931? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

In answer to special issue No. 9, which we have not copied, the jury found for the plaintiff the sum of $25,000, together with interest thereon at the rate of 6 per cent. per annum from date of judgment, and from such judgment the defendant company has appealed.

Appellant contends that the court erred in refusing its request for peremptory instruction in its behalf, in that the undisputed evidence shows that appellee's fall and injury *were a proximate result* of a risk inherent in the nature of the work in which he was employed, and not the result of any negligent act of appellant.

We overrule such contention. The undisputed evidence shows that the instrument, to wit, the chute, furnished appellee to chute the ice to the storage room, was in a damaged condition, and that it was not a safe tool or instrument with which to handle the blocks of ice. It also shows that the place in which appellee was required to work was not, on account of its unkept condition, a safe place for appellee to work.

J. J. Collins, one of the attorneys for the plaintiff, in the opening argument in behalf of the plaintiff, said to the jury: "When you come back in this room Mr. Cauthen will not be here, but I have abiding faith that you twelve men of Walker County will not file back in this court room without answering the first eight of these special issues, 'Yes,' the 9th one, '$40,000.00,' and the rest of them 'No.' "

A. T. McKinney, Jr., counsel for plaintiff, in his closing argument made to the jury, among other things, said:

"Gentlemen, you cannot answer this first special issue in any way except 'Yes', and when you do you cannot give anything less than $40,000.00 to compensate him for whatever ills he has suffered and must suffer during the rest of his life.

"We now come to Special Issue No. 10. There are five of these, and I am going to group all five in one bunch. I will read you the first one:

"Special Issue No. 10: 'Do you find, from a preponderance of the evidence, that it was the duty of plaintiff to repair any defect or defects that might occur to the chute or trough on or about September 8, 1931, while in the employ of defendant?'

"Didn't Mr. James tell you that it was his duty? Didn't this other man tell you that if he didn't do it it would get another engineer? He didn't tell you that it was Ab Cauthen's duty.

" 'Special Issue No. 11: Do you find, from a preponderance of the evidence, that the plaintiff, A. F. Cauthen, was guilty of negligence in failing to repair the lining of the chute on

the occasion in question, if you have found that such lining was defective?'

"You cannot find that it was negligence on his part, because it was not his duty to do it. A man can't be charged with negligence for not doing something that it was not his duty to do. You cannot answer that only one way —'No.'

"Special Issues No. 10 to 15 you cannot answer any way but 'No,' and as to defendant's Special Issue No. 1: 'Were the injuries, if any, received by the plaintiff on September 8, 1931, the result of an unavoidable accident?'

"We submit that under this Special Charge No. 1, where they ask you to find that it was an unavoidable accident, this should be answered 'No.'

"*Now, in this case I ask you in behalf of A·b Cauthen and Mrs. Cauthen, who came before you yesterday, that you answer the first eight questions 'Yes', and when you come to the ninth question give him the $40,000.00 that he asks for, and that you answer the remaining questions 'No.'*" (Italics ours.)

Appellant, in its motion for new trial and here, assigns each of such arguments as reversible error.

▇▇▇ We think appellant's contention should be sustained. It must be admitted, we think, that both arguments were inflammatory, suggestive, and erroneously made. Counsel for appellee practically admits that it was error to make those parts of the arguments complained of, but says that appellant is in no position here to complain of the same, because it did not object to the arguments at the time they were made, but did so only on motion for new trial. This contention of appellee's counsel is not now the law. By recent decisions of our courts it has been held that, when error is shown in argument, a reversal must follow if there is any reasonable doubt of its harmful effect. Texas & P. Ry. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477; Panhandle & S. F. Ry. Co. v. Sedberry (Tex. Civ. App.) 46 S.W.(2d) 719; Wichita Valley R. Co. v. Southern Casualty Co. (Tex. Com. App.) 284 S. W. 940; Houston Electric Co. v. Potter (Tex. Civ. App.) 51 S.W.(2d) 754 (opinion on motion for rehearing); Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Floyd v. Fidelity Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091; Dallas Ry. & Term. Co. v. Smith (Tex. Civ. App.) 42 S.W.(2d) 794.

It has several times been held by our appellate courts that, where the argument is calculated to injure the rights of the complaining party and there is reasonable doubt of its harmful effect, the judgment rendered against the complainant must be reversed. In such case the burden is not on the complaining party to show that his rights were in fact prejudiced.

In Houston, E. & W. T. Ry. Co. v. Sherman, 42 S.W.(2d) 241, at page 247, column 2, Judge Ryan, speaking for the Commission of Appeals, said:

"There is no escape from the proposition that the jury was guided, in this respect, not by the court's charge, but by counsel's argument, with the idea in mind that the effect of their findings upon the special issues submitted would be a resultant judgment for the plaintiffs.

"The Court of Civil Appeals [10 S.W.(2d) 243] held that the issues were clear and simple, and such that any juror of average intelligence must have known the effect of his answer thereto, and therefore argument such as here complained of is not harmful, and, if error, is harmless.

"This contention is disposed of adversely to the holding of the Court of Civil Appeals, by Judge Critz, in T. & P. Ry. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477, approved by the Supreme Court, upon almost a similar state of facts, involving practically the same issues. The same learned judge in McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 217, approved by the Supreme Court, said: 'We therefore conclude that, since it is undoubtedly error for the jury to first agree on the result they wish to accomplish by their answers, and then designedly frame said answers so as to accomplish such result, it is reversible error for an attorney to make an argument to the jury which is calculated to cause them to do the very thing that the law prohibits. In the case at bar we are convinced that the argument set forth in the certificate of the Court of Civil Appeals, though made in good faith, was calculated to cause the jury to disregard their obligation as jurors to answer each question separately, truly, and distinctly, and amounted in law to an appeal to the jury to designedly agree on a result and so form their answers as to accomplish such result.'"

Having reached the conclusion that there is reasonable doubt in our minds of the harmful effect of the arguments complained of, and believing that they were reasonably calculated to injure the rights of appellant, the judgment is, by reason thereof, reversed, and the cause is remanded.

Reversed and remanded.