**TRADERS & GENERAL INS. CO. v. PETERSON.**

No. 4739.

Court of Civil Appeals of Texas. Texarkana.

Nov. 6, 1935.

Rehearing Denied Nov. 14, 1935.

Smith & West, of Henderson, Collins & Fairchild, of Lufkin, and Lightfoot & Robertson, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, L. A. Peterson, to set aside a ruling of the Industrial Accident Board and to recover judgment for compensation under the Workmen's Compensation Act, for injuries received by him in the course of his employment by C. A. Everets, employer carrying compensation insurance with appellant, Traders & General Insurance Company.

On December 2, 1932, plaintiff was injured in the work of drilling an oil well in Rusk county. While standing on the

foble board about 65 feet above the derrick floor, connecting the elevators to drill pipe being lowered into the well, plaintiff became overbalanced and fell a distance of 10 or 12 feet. In falling he was struck by a drill pipe which knocked him against the derrick, and he was caught and violently jerked by the rope and safety belt attached to his waist, whereby he sustained injuries which he alleges wholly and permanently incapacitate him to labor. The prayer is for compensation in a lump sum for total and permanent incapacity. Defendant answered by general demurrer and general denial.

Upon the findings of the jury in response to special issues, the court entered judgment against defendant for compensation payable in the lump sum based upon total and permanent incapacity. From an order overruling its amended motion for new trial, defendant has appealed.

Appellant's first assignment of error asserts that the court erred in the manner and form of submitting to the jury the issue of "partial incapacity," in that such issue was only conditionally submitted by reason of being preceded by instructions of the court to the effect that it need not be answered should the jury have previously determined, in answer to special issues Nos. 1 and 2, that plaintiff's incapacity was "total" and "permanent."

Special issue No. 1 and the jury's answer reads as follows:

"Do you find from a preponderance of the evidence that the plaintiff, L. A. Peterson, has been totally incapacitated from labor on account of the injuries he received on or about the 2nd day of Dec. 1932? Answer yes or no as you find the facts to be."

Answer: "Yes."

Special Issue No. 2 and the jury's answer reads:

"Do you find from a preponderance of the evidence that said total incapacity for labor, if any, that the plaintiff, L. A. Peterson, suffered on account of the injuries received by him on or about the 2d day of Dec. 1932, is permanent? Answer yes or no as you find the facts to be."

Answer: "Yes."

Special Issue No. 5 and the instructions preceding it reads:

"If you have answered Special Issues No. 1 and 2 'Yes,' then you need not answer this issue, but if you have answered either Special Issue No. 1 or No. 2 'No,' then you will answer this issue:

"Do you find from a preponderance of the evidence that the plaintiff, L. A. Peterson, was rendered partially incapacitated for the performance of labor as a result of the injuries sustained by him on or about the 2d day of Dec. 1932? Answer yes or no as you find the facts to be."

Answer: ———.

Special issues Nos. 1 and 2 having been answered in the affirmative, the jury did not answer issue No. 5.

It is the contention of appellant that the evidence raised an issue of fact as to whether plaintiff's incapacity was total or only partial; and that, as constituting a special defense to appellee's right to recover compensation for total incapacity, appellant was entitled as a matter of law to have the issue of partial incapacity affirmatively and unconditionally submitted without regard to the jury's answers to issues Nos. 1 and 2.

On the question of law involved, the decisions of the Courts of Civil Appeals are not in accord. There are cases which support the view that as the findings of total and permanent incapacity negative the issues of temporary or partial incapacity, therefore the conditional submission of the latter issues is sufficient; and there are cases which hold, when raised by the pleadings and evidence, defendant is entitled to an affirmative and unconditional submission of the issues of partial and temporary incapacity, even though such issues have been negatived by previous answers of the jury finding total and permanent incapacity. The Supreme Court has recently refused a writ of error in the case of Traders & General Insurance Co. v. Shanks (Tex. Civ. App.) 83 S.W.(2d) 781, 782, in which the only point decided was that reversing the judgment of the trial court for having refused appellant's request to affirmatively and unconditionally submit the issue of partial incapacity, and in having submitted such issue conditioned upon negative answers to the issues of total and permanent incapacity. From the Shanks Case, we quote:

"The appellant's pleadings and evidence raise the issue of partial incapacity. Error is assigned to the failure to affirmatively and unconditionally submit such defensive issue as requested in appellant's written exceptions to the court's charge. * * *

"In the present case the defendant's evidence upon the issue of partial incapacity raises a main defensive issue in rebuttal of plaintiff's claim of total permanent incapacity for general injuries. * * *

"In the state of the evidence in this case, the following authorities sustain the view that the conditional submission of the issue of partial incapacity deprived appellant of an affirmative submission of such defense: Traders' & General Ins. Co. v. Forrest (Tex. Civ. App.) 78 S.W. (2d) 987; Indemnity Ins. Co. v. Boland (Tex. Civ. App.) 31 S.W.(2d) 518; Texas E. Ins. Ass'n v. Kelly (Tex. Civ. App.) 71 S.W.(2d) 901; Texas Ind. Ins. Co. v. Allison (Tex. Civ. App.) 75 S.W.(2d) 999; Texas E. Ins. Ass'n v. Horn (Tex. Civ. App.) 75 S.W.(2d) 301; Indemnity Ins. Co. v. Sterling (Tex. Civ. App.) 51 S.W.(2d) 788."

In the case of Traders & General Ins. Co. v. Babb (Tex. Civ. App.) 83 S. W.(2d) 778, it is held that the defendant's general denial is sufficient as a plea to support the issue of partial incapacity as a defensive issue. On the question of the issue being raised in the evidence as a defensive issue, it is not thought that the Supreme Court, by refusing a writ of error in the Shanks Case, and thus approving the holding in that case, committed itself to a broad doctrine that the issue of partial disability should be affirmatively and unconditionally submitted as a defensive issue in all cases arising under the Workmen's Compensation Act, but only in those cases would it be error to refuse to affirmatively and unconditionally submit the issue of partial incapacity when there is evidence in the record rebutting the issue of total incapacity and which shows or tends to show that plaintiff's incapacity is less than total. Upon a careful reading of the statement of facts in the present case, we find that the evidence is insufficient to raise the issue of partial incapacity, hence the court's refusal to affirmatively and unconditionally submit it as a defense issue was not error. The testimony of plaintiff and his two doctors is wholly to the effect that plaintiff's incapacity is total and permanent. The evidence introduced by the defendant consisted of the testimony of four doctors. Two of the doctors had examined plaintiff and two testified from X-ray pictures which had been taken of the plaintiff. The findings of the two doctors testifying from X-ray pictures were that the pictures showed plaintiff's bones to be normal. The two doctors who examined plaintiff, and who also testified from X-ray pictures, did not find that he was then suffering from any disability. Their testimony is to the effect that the injuries which plaintiff received would incapacitate him for a short period of time only, ranging in their estimation from six weeks to six months. Appellant's testimony is referable only to the duration of plaintiff's injuries and is to the effect that the incapacity which he suffered was only temporary. Its witnesses did not give any testimony indicative of the degree or extent of such incapacity or which would prove or tend to prove whether such incapacity was total or only partial. In the state of the evidence, where plaintiff's evidence is that he was totally incapacitated, and the defendant's evidence being insufficient to raise the issue that such incapacity was less than total, we do not think it was error to refuse to affirmatively and unconditionally submit an issue of partial incapacity as a defensive issue.

Appellant's third proposition, germane to his second assignment of error, complains of the following language used by appellee's counsel in his closing argument to the jury: "Gratitude and generosity—they just don't offer it. Dr. Shaw, I gave him a chance in this court before you came down here where I am and Mr. Peterson come up and make his back bend. I will guarantee that I can bend a back that is normal. What did he do? He wouldn't do it. Why? Because he knew, as Peterson said, it can't be done."

Appellant did not object to this argument at the time it was made, and did not request the court to withdraw it from the jury, but objected to it for the first time in its amended motion for new trial.

The meaning of the language used in the second sentence of that portion of counsel's argument above quoted, viz., "Dr. Shaw, I gave him a chance in this court before you came down here where I am and Mr. Peterson come up and make his back bend," is not within itself clear. It is ambiguous. Appellant contends that the statement is to the effect "that before the jury came down into the courtroom, counsel for plaintiff gave Dr. Shaw a chance to try to bend Peterson's back," and that thereby counsel for appellee gave to the

jury testimony not in the record. The contention of appellee's counsel is that his language so used had reference to that part of the record wherein on his cross-examination of Dr. Shaw he had given Dr. Shaw a chance, in the presence of the jury, to attempt to bend plaintiff's back, which Dr. Shaw declined to do.

Parts of most any argument in a case, when taken alone and without reference to the remainder of the argument or of the facts in evidence, may appear unintelligible or to have a different meaning from that intended, or even improper, which, when read in the light of the whole record, such portion may be understood as not improper. It is to be assumed that the jury will construe the argument made to them in the light of the record before them, and it is our duty to construe it from the same viewpoint. It appears in evidence that plaintiff and his witness, Dr. Deason, testified that the plaintiff's back was rendered stiff as the result of his injuries. Dr. Deason testified that he had tried to bend plaintiff's back, which effort resulted in only bending it about fifteen degrees forward. On cross-examination of Dr. Deason by counsel for appellant, before the jury, the following occurred:

"Q. * * * You say you took your knee and put it on this boy's back and tried to bend his back? A. Yes, sir.

"Q. Try it on me, would it hurt me to do it? Don't hurt me. A. That is just about the pressure I put on that boy.

"Q. You are pretty stout. Now, show me how you tried to push him further? A. You relax yourself.

"Q. All right, I will. All right. You push me down now. Is that about the way you did him? A. I used more force on him than I did on you.

"Q. I stood there pretty well, didn't I? A. Yes.

"Q. He was able to sit up and take light nourishment after you got through with him? A. As far as I know."

It further appears in the record that the testimony of appellant's witness, Dr. Shaw, is to the effect that appellee was not suffering injury to his back. He testified on direct examination:

"Q. From examining his back, outside of the fact he told you it hurt, could you find anything at all wrong? A. No, all that was wrong was what he told me was wrong."

On cross-examination Dr. Shaw testified:

"Q. * * * Do you want to right now, with the permission of Mr. Collins and the court to take Mr. Peterson and bend his back, if you can? A. No. I don't care about it."

It is this refusal of Dr. Shaw to try to bend appellee's back before the jury that counsel for appellee contends he had reference in that part of his argument complained of by appellant. We think it is reasonable that the jury so understood it in the light of the record before them. As to that part of the argument complained of wherein counsel for appellee said, "What did he do? He wouldn't do it. Why? Because he knew, as Peterson said, it can't be done." This language is but counsel's conclusion drawn from the facts in evidence before the jury. It does not appear to be an unwarranted conclusion. In Corn et al. v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290, 293, the court said: "In argument to the jury counsel may be permitted to state to the jury such facts as he, in good faith, draws from all circumstances of the case, and what would be very likely to follow if such inferences should turn out to be correct."

In Heard v. Heard (Tex. Civ. App.) 272 S. W. 501, 505, it is said: "Counsel have the right, in the argument of the case to the jury, to draw from the facts in evidence every legitimate inference deducible therefrom. * * * Counsel may properly argue any hypothesis supported by the evidence, though there is evidence to the contrary."

In Dallas Ry. & Terminal Co. v. Bankston (Tex. Civ. App.) 33 S.W.(2d) 500, 504, 505, it is said: "It is only where counsel wanders entirely from the record that the rule is violated, but when fairly based on evidence, it can never be correctly said that, in law, the argument is prejudicial."

As to the statement of counsel for the plaintiff in the argument complained of saying, "I will guarantee that I can bend a back that is normal," we do not think that this statement could have had any effect whatever upon the jury or their verdict. It certainly was a matter of common knowledge in the minds of all the jurors that the matter of one normal man bending the back of another normal man would depend upon the relative strength of the two men. Counsel's statement

amounted to no more than a compliment of his personal strength. Whether the jury accepted his guarantee of the fact or rejected it could not, in the broadest stretch of the imagination, have had any effect on their verdict.

Appellant's 4th, 5th, 6th, and 7th propositions also complain of particular portions of the argument of counsel for appellee. We have carefully examined the propositions and the several portions of argument complained of with respect to the record and circumstances under which made, and do not find any reversible error in either of the propositions. We could serve no useful purpose by an extended discussion of the propositions. They are respectfully overruled.

The judgment of the trial court will be affirmed.