**TRADERS & GENERAL INS. CO. v. OFFIELD.**

No. 5053.

Court of Civil Appeals of Texas.
Texarkana.

May 7, 1937.

Rehearing Denied May 20, 1937.

Lightfoot & Robertson, of Fort Worth, Collins & Fairchild, of Lufkin, R. O. Kenley, Jr., of Longview, and Claude Williams and Will R. Saunders, both of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

HALL, Justice.

This suit was brought in the district court of Gregg county by appellant to set aside an award theretofore made by the Industrial Accident Board in favor of appellee. Appellee answered with a cross-action setting up that on October 9, 1933, while employed by Bonds & Dillard, drilling contractors, he received injuries which resulted in permanent, total incapacity, for which he sought a lump-sum recovery. Appellant answered appellee's cross-action by general denial. Trial was to a jury on special issues, the answers to which were that (1) appellee received an injury to his body on the date alleged by him; (2) said injury totally incapacitated him; (3) his condition was permanent; and (4) he was entitled to a lump-sum settlement. Upon this verdict judgment was entered for appellee. From this judgment, appellant prosecutes this appeal.

■■■ Appellant's first complaint is directed to the action of the trial court in submitting to the jury over its objection special issue No. 7 which is: "Do you find from a preponderance of the evidence that the defendant, H. H. Offield, sustained any partial incapacity to labor as a result of the injuries, if any, received on October 9, 1933?"

It is contended by appellant that in compensation cases where the pleadings and evidence of the insurance carrier raises the issue of partial disability as a defensive issue to claimant's cause of action for total and permanent disability, the burden of proof is upon claimant to disprove partial disability and to establish total and permanent incapacity and that this issue wrongfully places the burden of proof upon appellant "to prove that defendant Offield had received partial disability." This is a correct statement of the law, but we do not think the testimony in this case °will justify its application. The pleadings of appellee and the testimony offered by him to substantiate same was to the effect that he was totally incapacitated and that his condition was permanent, and the trial court submitted appropriate special issues covering this feature of the case. It is also permissible and proper under pleadings and proof of this character to submit affirmatively from the injured party's viewpoint the issue with respect to partial incapacity in the event the jury should find adversely to his claim of total incapacity. Texas Employers' Ins. Ass'n v. Downing (Tex.Civ.App.) 218 S.W. 112, 122, error refused; Traders & General Ins. Co. v. Herndon (Tex.Civ.App.) 95 S.W.(2d) 540, writ dismissed. The evidence offered by appellant in no wise raised the issue of partial incapacity, but merely negatived the theory of total incapacity. The testimony offered by appellant was to the effect that the appellee was not injured at all, either totally or partially. From Texas Indemnity Ins. Co. v. Perdue (Tex.Civ.App.) 64 S.W.(2d) 386, 388, writ refused, we quote: "In a case that permits the defendant to prove an affirmative defense under a general denial and the testimony raises such affirmative defense, the defendant is entitled to an affirmative submission of the defense so raised, but, if the evidence offered tends only to negative the cause of action presented, the issue or issues on which such action depends should be submitted affirmatively as plaintiff has the burden of proof, *but the negation of such issue should not be affirmatively submitted.*" (Italics ours.)

Texas Employers' Ins. Ass'n v. White (Tex.Civ.App.) 32 S.W.(2d) 955, writ refused; Traders & General Ins. Co. v. Peterson (Tex.Civ.App.) 87 S.W.(2d) 322, writ dismissed. We conclude, then, under the facts in this case, that the trial court committed no error in submitting to the jury special issue No. 7 in that it correctly placed the burden of proof on appellee.

■■■ By its fourth and fifth propositions appellant asserts that the trial court erred in submitting special issue No. 1 to the jury, which is: "Do you find from a preponderance of the evidence that defendant, H. H. Offield, sustained an injury to his body on the 9th day of October, 1933?" The contention is that the plead-

ings and proof of appellee had reference only to an injury to the lower part of appellee's back. We overrule these propositions. All of appellee's evidence tended to establish the alleged injury on October 9, 1933, and no other. Appellant's testimony was to the effect that appellee received no injury on October 9, 1933. The whole controversy centered around the alleged bodily injury of appellee on October 9, 1933. We do not see how the jury could have been misled to any extent by this issue. There was no claim made by appellant that appellee was injured on some other date than the one alleged by him, or that he received an injury to any other portion of his body. However, in view of the fact that this case must be reversed on another ground, we would suggest that this issue be so framed as to make specific inquiry of the injury alleged.

■ Appellant makes the further contention that the trial court committed error in placing the following preamble immediately before special issue No. 5:

"If you have answered special issue Nos. 3 and 4 'yes', then answer the following special issue, but in the event you have answered either special issue No. 3 or No. 4 'No', then you need not answer this issue."

"For the reason that the preamble immediately before special issue No. 5 (which makes inquiry respecting a lump sum settlement) informs the jury that in order for the jury to find a lump sum judgment for the defendant, Offield, they must first answer special issues Nos. 3 and 4 'yes', which said issues Nos. 3 and 4 make inquiry as to the total and permanent disability, and thus by such preamble the court directs the jury in the manner in which they should answer said issue in order to obtain the verdict for the defendant Offield."

This precise question was before the Court of Civil Appeals at El Paso in Traders & General Ins. Co. v. Babb, 83 S.W.(2d) 778, 781 and it was there said: "We regard this objection as hypercritical and overrule same." We agree with the conclusion and overrule these propositions.

■ Propositions Nos. 7, 8, 9, 10, 11, and 12 have to do with the argument of appellee's counsel in his address to the jury. We shall consider only proposition No. 11 based upon assignment of error No. 5, which assignment sets out the following argument of which complaint is made:

"Now, another question: No. 4 asks, Was the total incapacity to labor permanent; whether or not it is permanent, now, if it is permanent, then you drop down to the 6th one, and you are asked for what period of time the total incapacity to labor has continued or will continue after the 9th day of October, 1933. Gentlemen, if you say it is permanent up there and then say down here for any particular number of weeks, one will conflict with the other and destroy both findings, so if you answer to No. 3, he is permanently or totally incapacitated, which is permanent, then your answer to No. 6 should be 'permanently' because any number of weeks, a few or a thousand, or anything—two, ten or any number, would conflict with No. 3, and I say, gentlemen, to watch those things. If you answer No. 3 that he is totally disabled, then down to No. 7 he is not partially disabled, because one contradicts the other. If you answer No. 4 that the total incapacity is permanent, then when you go to answer No. 6, just answer that 'permanently', too, because, gentlemen, he is totally disabled and permanently disabled."

We think this assignment presents error of such a nature as to require reversal of the judgment in this case.

Special issue No. 3 made inquiry with respect to whether appellee's alleged injury totally incapacitated him. Special issue No. 4 made inquiry with respect to whether said incapacity was permanent. And special issue No. 6 is: "For what period of time, if any, do you find from a preponderance of the evidence that said total incapacity, if any, has continued or will continue after the 9th day of October, 1933?"

This argument clearly informs the jury what the effect of their answer to special issue No. 6 will be, especially upon issue No. 4. They are told by counsel that to answer issue No. 4 "permanent" and then answer issue No. 6 for any number of weeks, one will conflict with the other. That is, the answer to No. 6 will conflict with the answer to No. 4 and "destroy both findings." The same argument is indulged in with respect to the answers to issues Nos. 3 and 7. We do not think it can be said that, without counsel's explanation, the jury as men of ordinary intelligence would have understood the legal effect of their answers to these issues. Texas Employers' Ins. Ass'n v. Phillips

(Tex.Civ.App.) 62 S.W.(2d) 313, writ dismissed; Napier v. Mooneyham (Tex.Civ. App.) 94 S.W.(2d) 564, writ dismissed; Gulf States Utilities Co. v. Cauthen (Tex. Civ.App.) 72 S.W.(2d) 370, and cases there cited.

Counsel's explanation of the issues involved in the argument copied above undoubtedly gave the jury the cue because they answered the issues exactly as requested. The instructions from appellee's attorney to the jury respecting the proper answers to these issues were given for the purpose of avoiding a conflict in the answers and were not based upon the testimony in the record. No exception was reserved to this argument at the time it was indulged in, but we think it was not necessary that exception to said argument be made at the time. Complaint may be made to argument of this character for the first time on motion for new trial. Texas Indemnity Ins. Co. v. McCurry, (Tex.Com.App.) 41 S.W.(2d) 215, 78 A.L. R. 760; Texas Employers' Ins. Ass'n v. Phillips, supra. In Robbins v. Wynne (Tex.Com.App.) 44 S.W.(2d) 946, 949, Justice Critz said: "We wish here to quote with our unqualified indorsement the following from Judge Bonner's opinion in Willis & Bro. v. McNeill [in 57 Tex. 465]: 'Under these rules the duty devolves affirmatively, first, upon counsel to confine the argument strictly to the evidence and to the argument of opposing counsel; second, upon the court, on its own motion, to confine counsel to this line of argument. If both the counsel who is making the argument and the court should fail in the discharge of this duty, then the rules give to opposing counsel the privilege, but does not make it his duty, to then present his point of objection. This discretion given to counsel, as to whether he will make the objection at the time, was doubtless based upon the well known embarrassments and often prejudice which generally attend the interruption of the argument of one counsel by another; and was intended to place that as a duty where it properly belongs—upon the presiding judge.' "

Again Judge Critz in McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 217, uses this language: "We therefore conclude that, since it is undoubtedly error for the jury to first agree on the result they wish to accomplish by their answers, and then designedly frame said answers so as to accomplish such result, it is reversible error for an attorney to make an argument to the jury which is calculated to cause them to do the very thing that the law prohibits."

There can be no doubt that the Supreme Court of this state is thoroughly and firmly committed to the view that unless counsel, in cases involving improper argument, can show beyond reasonable doubt that the argument complained of had no harmful effect, the cause must be reversed. This view is made plain in Woodard v. Texas & P. Ry. Co., 126 Tex. 30, 86 S.W.(2d) 38, opinion approved by the Supreme Court.

We do not deem it necessary to discuss the other propositions brought forward relating to other portions of the argument of counsel for appellee for the reason that we do not anticipate that same will occur on another trial.

Therefore the judgment of the trial court is reversed and the cause remanded.