TEXAS EMPLOYERS INSURANCE ASSOCIATION V.
MRS. KATE PHILLIPS ET AL.

No. 6926. Decided July 28, 1937.
(107 S. W., 2d Series, 991.)

*Lawther, Cox & Cramer,* and *Wm. M. Cramer,* all of Dallas, for appellant.

*Adams & McAlister,* of Nacogdoches, for appellees.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

This is a compensation case which reached this Court upon a certificate reading in part as follows:

"On or about the 19th day of May, 1931, the Industrial Accident Board made an award in favor of Jim Phillips, against Texas Employers' Insurance Association, for twenty-seven and two-sevenths weeks of compensation at the rate of $10.38 per week. This suit was filed by Jim Phillips in the district court of Nacogdoches County to set aside the award of the Industrial Accident Board, claiming total permanent disability, to be paid in a lump sum. The answer of the defendant was by general demurrer and general denial. On trial, judgment was rendered in favor of plaintiff which, on appeal to this court, was reversed

and the cause remanded to the district court for a new trial, opinion reported Texas Employers' Insurance Association v. Phillips, 62 S. W. (2d) 313. While that appeal was pending, Jim Phillips died from causes wholly apart from, and in no way connected with the injuries upon which he predicated his cause of action for compensation. On the remand, upon suggestion to the trial court of the death of Jim Phillips, his surviving widow, Mrs. Kate Phillips, and his two minor children, Travis and Rayford Phillips, born to him and his wife, Mrs. Kate Phillips, were substituted as plaintiffs; whereupon they filed an amended petition suing as the heirs at law and also as the legal beneficiaries of Jim Phillips, under the provisions of our Workmen's Compensation Act. Plaintiffs plead by their amended petition that there were no debts against the estate of the said Jim Phillips and no administration pending and no necessity for administration; they plead further that the Garrison Brick & Tile Company was the employer of Jim Phillips, the Texas Employers' Insurance Association the insurance carrier, and Jim Phillips the employee, with additional facts giving the district court of Nacogdoches County jurisdiction of the claim of Jim Phillips for compensation. The nature of the injuries to Jim Phillips was plead as follows:

'7.

" 'That on said 10th day of October, A. D. 1930, and while engaged in the course of his employment with said Garrison Brick & Tile Company in the town of Garrison, Nacogdoches County, Texas, the said Jim Phillips sustained certain personal injuries in the manner and to the extent hereinafter set out:

" 'That while in the discharge of his duties and while loading a pump on a truck that weighed about 600 or 700 pounds, he was injured in the right hip and in the joint on the right side about the hip joint, destroying completely the nerve that controls or governs said side, rendering him totally and permanently incapacitated from performing any labor.

'8.

" 'The plaintiff alleges that as a result of the said injuries and accident the said Jim Phillips was permanently and totally incapacitated and disabled from performing any character and kind of work whatsoever; that prior to the date of said accident and injury he was a strong, robust man, in vigorous health, and was capable of doing and did do and perform hard manual labor; that since the date of said injury his physique had been undermined and weakened and that he suffered continual ill health and continued to suffer ill health throughout the remainder of his life, and at all times was unable to perform the char-

acter of work which he had been accustomed to doing; that he was not equipped with ability to perform any kind of work except manual labor and that said injuries reduced his earning power to absolutely nothing and that he was permanently and totally incapacitated and that his injuries were the direct and proximate result of said accident.'

"The jury found that on October 10th, 1930, while in the course of his employment with Garrison Brick & Tile Company, Jim Phillips sustained personal injuries that resulted in his total and permanent disability, and facts entitling plaintiffs to a lump sum settlement in the sum of $4,306.40, for which sum judgment was accordingly entered in favor of plaintiffs against defendant, with interest at the rate of 6% per annum from date of judgment. The case is now before us upon appeal duly prosecuted by Texas Employers' Insurance Association by writ of error.

"Plaintiff in error contended in the lower court, and that contention is renewed here, that, since Jim Phillips died of a cause independent of and in no way connected with the injuries suffered by him in the course of his employment with Garrison Brick & Tile Company, the cause of action for total and permanent disability, set out in his petition, did not survive to defendants in error as his heirs and legal representatives.

\* \* \*

"In this case, as in Cause No. 2683, Texas Indemnity Insurance Company v. Nelson Thibodeaux, on the docket of this court, now before Your Honorable Court on our certificate, the charge submitted to the jury the issues of total permanent disability, followed by questions submitting the issues of partial disability, with instructions to the jury not to answer the questions submitting partial disability, if in answering the previous questions it was found that Jim Phillips had suffered a total and permanent disability.

"Plaintiff in error has assigned error against this limitation in the charge of the trial court to the jury.

"In view of the importance to the jurisprudence of this State of the propositions of law raised by this appeal, we deem it proper to submit to Your Honorable Court the following questions:

### "Question No. 1.

"Did the claim of Jim Phillips for compensation survive to his widow and two minor children (a) as his heirs at law or (b) as his legal beneficiaries under the provisions of our Workmen's Compensation Act?

"Question No. 2.

"If the cause of action did not survive for the full compensation period, did it survive for the amount that accrued from the date of his injury to the date of his death?

"Question No. 3.

"Having submitted the issue of total and permanent disability, followed by a submission of the issue of partial disability, did the trial court commit error in instructing the jury not to answer the question submitting partial disability provided they had, by answering the previous questions, found that Jim Phillips had suffered a total permanent disability?"

We answer Questions Nos. 1 and 2, that the claim of Jim Phillips for compensation and any cause of action therefor, survived his death only for the amount of same accruing and unpaid from the date of his injury to the date of his death. All unaccrued and unmatured portions of said claim are extinguished at his death, so that liability exists only for the portion of same matured and unpaid at the time of his death, and hence only this portion passes to his heirs.

This is not a death claim or one for a specific injury, as shown by the above certificate. Oilmen's Reciprocal Assn. v. Youngblood, 297 S. W. 255. If it were, an entirely different answer might be made. Federal Surety Co. v. Pitts, 119 Texas 330, 29 S. W. (2d) 1046; Traders & General Ins. Co. v. Baldwin, 125 Texas 577, 84 S. W. (2d) 439.

It is almost the universal rule that liability for unaccrued compensation terminates with the death of the injured employee, where the injury is general and death is from a cause other than the injury, which formed the basis of a claim for compensation. See 15 A. L. R. 821; 51 A. L. R. 1446; 95 A. L. R. 254; 71 C. J. 558; 45 Tex. Jur., p. 424. The reasoning of the courts upon this subject is very well illustrated by the following quotation from the case of Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 Pac. 836, 15 A. L. R., p. 818.

"The act makes no reference to the payment of the unpaid installments of the award, in the event of death of the employee, to dependents or next of kin. It, in effect, provides that the employee, if accidentally injured, shall receive in lieu of his wages the amount fixed by the terms of the act. The average weekly wage of the employee is taken as a basis upon which to compute the compensation. Had there been no injury, the payment of wages would cease on the termination of the relation of master and servant. When the relation is terminated by death of the

186

employee, the occasion for making compensation in lieu of wages comes to an end."

Justice SMITH uses the following language in the recent case of Swain et ux. v. Standard Accident Ins. Co., 81 S. W. (2d) 258 [judgment of Court of Civil Appeals affirmed by this Court, 130 Texas 277, 109 S. W. (2d) 750]:

"The right to compensation for disability other than death is exclusively in the employee, and whatever compensation he receives during his lifetime is deductible from the compensation to be awarded the beneficiaries in event of his ultimate death from the same injury.

"The statute makes a distinction between a general injury, such as that sustained by the employee in this case, and a specific injury, such as the loss of an eye, or other member. In the case of a general injury, the disability being uncertain in duration and degree, the right of action for compensation therefor does not survive, in the sense that the employee's heirs, as such, may prosecute the same; whereas, in the case of specific injury the right of action at once becomes a vested right for a liquidated sum prescribed by statute, and survives to the heirs at law of the employee."

This case was cited and impliedly approved by Judge TAYLOR in the Baldwin case, supra.

A sufficient answer to Question No. 3 will be found in our opinion recently rendered in the Thibodeaux case [129 Texas 655], referred to in the above certificate.

Opinion adopted by the Supreme Court July 28, 1937.