The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Robert Lee BAILEY, Appellee.

No. 3797.

Court of Civil Appeals of Texas.

Eastland.

May 3, 1963.

Rehearing Denied May 24, 1963.

Thompson, Knight, Wright & Simmons, Dallas, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

WALTER, Justice.

Robert Lee Bailey recovered a judgment against The Travelers Insurance Company for total and permanent disability benefits under the Workmen's Compensation Law. Travelers has appealed.

It does not contend that there is no evidence to support the verdict. It does contend, however, that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. It also contends that the court erred in overruling its objection to a question propounded to one of Bailey's employers, R. L. Washburn. Washburn was permitted to testify that Bailey was his employee on a commission basis. Travelers objected to this because the answer invaded the province of the jury. On this point Travelers says that "Any contention that this error would be harmless error within Rule 434 would be an untenable notion, for in such a situation it is presumed that reversible error was committed."

Bailey testified substantially as follows: He was employed by Washburn-Bedell Service Station. Mr. Washburn hired him to work strictly on a commission basis. Washburn and Bedell furnished some of the equipment and all materials and he performed the labor. After the price for the materials was taken off of the gross charges for a job, the balance would be divided 50 percent to Washburn and Bedell and 50 percent to him. He was employed primarily to do body work and paint work but sometimes

did mechanical work. From time to time, Washburn gave him orders to do things that he wanted done. From time to time, Washburn brought jobs to him and told him that he had made estimates on them and instructed him to do the work. The customer paid his bill at the office which was supervised by Mr. Washburn. Social security and withholding taxes were withheld from his pay check by Washburn. He usually worked from 8:00 in the morning to 6:00 in the evening. At the time he was injured he was replacing a transmission on a '55 Chevrolet. He was lying on his back on a creeper. The end of the transmission hit him on his thigh and the body of the transmission fell on his hip. On the mechanical work, Bedell and Washburn would make the estimates and set the price for the work. Washburn and Bedell exercised control over his activities in the shop on mechanical jobs. On the transmission job that he was performing at the time he was injured, Mr. Washburn had given him some orders and instructions about the work. On mechanical work they gave him suggestions and orders.

On cross-examination Mr. Washburn was asked the following question: "Mr. Washburn, at the time Mr. Bailey got hurt, I believe he was the employee of yours, on a commission basis, was he not?" Appellant objected to this question for the reason that Mr. Washburn's answer thereto would be immaterial and irrelevant and would invade the province of the jury. The court overruled its objection. Thereafter the following took place:

"Q. Mr. Bailey, at the time of his injury, was an employee of yours on a commission basis, wasn't he?

"A. He went to work there on a commission basis.

"Q. Well, he was an employee of yours on a commission basis, was he not, when he got hurt?

"A. Well, I don't know whether he was an employee or not. He was strictly working on his own. He was furnishing his own body shop equipment, and he was employed in my place of business strictly on a commission basis.

"Q. What did you mean a few minutes ago when you said he was an employee of yours on a commission basis? That is in the record?

"A. Okey; then, if you count him as an employee on a commission basis, then he was an employee on a commission basis."

Mr. Bedell was asked "Do you know upon whose recommendation he went to work as an employee for you and Mr. Washburn", and he answered, "I would say he went to work on his own; we needed someone and we gave him a chance." Bedell further testified that he and Washburn were both Bailey's bosses.

■  Appellant relies on the case of Farris v. Interstate Circuit, Inc., 5 Cir., 116 F.2d 409 as authority for the proposition that reversible error is presumed. The court said: "The consideration given by the jury to the testimony thus improperly admitted may or may not have affected its verdict. Since this court cannot be certain that it did not, it must be presumed that reversible error was committed." The rule of "presumed prejudice" has not prevailed in Texas since the adoption of Rule 434 of the Texas Rules of Civil Procedure. The Development of the Doctrine of Harmless Error in Texas, 31 Tex.Law Review, page 1, Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298. The burden is upon the appellant to show that the error complained of "was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment", before the appellate court is justified in reversing the judgment. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860.

■  Considering the record as a whole, we are not convinced that Washburn's testimony that Bailey was an employee on a commission basis was reasonably calculated to cause, and probably did cause, the rendi-

tion of an improper judgment. If there was any error committed in admitting the testimony of Washburn, it was harmless because Bedell, one of Bailey's bosses was permitted to testify to substantially the same facts without objection. Rule 434 T.R.C.P.

We have examined and considered all of the evidence and find that the verdict is not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.