**ESTATE of Gus BURRIS, Petitioner,**

v.

**ASSOCIATED EMPLOYERS INSURANCE COMPANY, Respondent.**

No. A–9581.

Supreme Court of Texas.

Dec. 11, 1963.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for petitioner.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for respondent.

WALKER, Justice.

The principal question to be decided in this case is whether a final judgment awarding weekly workmen's compensation benefits for a general injury survives to the estate of the injured workman. Gus Burris filed a claim with the Industrial Accident Board alleging an accidental injury to his heart while in the course of his employment by Traders Compress Company. In an appeal from the Board's denial of his claim, judgment was rendered in favor of Burris and against Associated Employers Insurance Company, respondent, for compensation at the rate of $24.00 per week for 401 weeks. Respondent appealed, and the Court of Civil Appeals affirmed. Associated Employers Ins. Co. v. Burris, Tex.Civ.App., 321 S.W. 2d 112 (wr. Ref. n. r. e.).

In that case respondent took the position that since the right to recover unaccrued compensation on a weekly basis for a general injury does not survive the employee's death, the trial court should have limited the recovery to the plaintiff's lifetime. This contention was overruled by the Court of Civil Appeals, and the point was not brought forward in the application for writ of error. The intermediate court reasoned that if respondent's statement of the law was correct, its rights had not been prejudiced by the trial court's refusal to limit the recovery since payments could be withheld in the event Burris died. This brings us to the present suit.

Respondent paid the weekly installments as they accrued on the judgment until Burris died intestate on November 29, 1961. One hundred seventy-six installments were unaccrued and unpaid at that time, and respondent refused to make any further payments. This suit was subsequently brought by petitioner, the duly appointed and qualified administrator of the estate of Gus Burris, deceased, to mature the judgment and recover penalty and attorney's fees under the provisions of Section 5a of Article 8307. After a trial before the court, judgment was rendered that petitioner take nothing. The Court of Civil Appeals affirmed. Tex.Civ.App., 366 S.W.2d 683.

A workman who suffers one of the specific injuries enumerated in Section 12 of Article 8306 becomes entitled to demand and receive the compensation designated therein for the particular injury. Since his right to payment in accordance with the terms of the statute is fixed upon the occurrence of the accident, the claim or cause of action for a specific injury survives to and may be asserted by the heirs or personal representative of the injured employee after his death. Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.2d 1046. Where death results from a compensable injury, the surviving statutory beneficiary likewise has an unconditional right to the compensation prescribed by Section 8 of Article 8306. It is accordingly held that such right is vested and will survive the beneficiary's death. Texas Employers' Ins. Ass'n v. Lawrence, Tex.Civ.App., 14 S.W.2d 949 (wr. ref.); Moore v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 258 S.W. 1051; Tex.Com.App., 262 S.W. 472.

Under the provisions of Sections 10 and 11 of Article 8306, however, compensation for a general injury is paid while the incapacity is total or partial, and the Industrial Accident Board is authorized by Section 12d to review an award upon a showing of change in condition, mistake or fraud. Since the amount to which a claimant who receives such an injury will be entitled is uncertain, it is well settled that liability for unaccrued compensation terminates with the death of the injured employee, at least where the claim has not been reduced to final judgment. Texas Employers' Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991. See also Swain v. Standard Acc. Ins. Co., Tex.Civ.App., 81 S.W.2d 258 (affirmed 130 Tex. 277, 109

S.W.2d 750). The following excerpt from the opinion in Lahoma Oil Co. v. State Industrial Commission, 71 Okl. 160, 175 P. 836, 15 A.L.R. 817, was quoted in the Phillips case as illustrative of the reasoning of the courts on the subject:

"The act makes no reference to the payment of the unpaid installments of the award, in the event of death of the employee, to dependents or next of kin. It, in effect, provides that the employee, if accidentally injured, shall receive in lieu of his wages the amount fixed by the terms of the act. The average weekly wage of the employee is taken as a basis upon which to compute the compensation. Had there been no injury, the payment of wages would cease on the termination of the relation of master and servant. When the relation is terminated by death of the employé, the occasion for making compensation in lieu of wages comes to an end."

■ This reasoning applies with equal force to unaccrued weekly installments payable under the terms of a judgment, but a final judgment of a court of competent jurisdiction is quite different from a mere claim or even an award of the Industrial Accident Board. Section 12d of Article 8306 does not authorize a court to review and revise a final judgment. The power of the court over its judgments in workmen's compensation cases is subject to the same limitations as in other cases. Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.2d 394; Union Indemnity Co. v. Drake, Tex. Civ.App., 42 S.W.2d 839 (wr. ref.); Pate v. Security Union Ins. Co., Tex.Civ.App., 54 S.W.2d 355 (no writ).

■ When the judgment in favor of Burris became final, he had a vested right to a liquidated sum payable in weekly installments as therein provided. His situation was then substantially the same as that of a workman who has received a specific injury, and it is our opinion that the right

to demand and receive unaccrued installments on the judgment survived to and may be asserted by his heirs or personal representative. Respondent contends that the former judgment is void to the extent that it decrees a recovery of weekly compensation payments after the plaintiff's death. We do not agree. The court had jurisdiction of the subject matter and the power to determine whether, under the statute, respondent was unconditionally liable for 401 weekly payments. Its conclusion in that respect may have been erroneous, but the judgment is not void and subject to collateral attack. If respondent wished to pursue the matter, it should have presented the question in the application for writ of error filed in the earlier suit. The reasons given by the Court of Civil Appeals for refusing to limit the recovery there do not constitute the law of the case in this proceeding, and are not binding upon the parties or this Court under the doctrine of stare decisis. There is no contention that any position taken by Burris gives rise to an estoppel against petitioner, and the judgment in the former suit is now res adjudicata of respondent's unconditional obligation to pay $24.00 per week for 401 weeks.

■ Section 5a of Article 8307 applies in suits to enforce an award of the Industrial Accident Board, and does not authorize acceleration of maturity or the recovery of penalty and attorney's fees in this action on the judgment rendered in the earlier case. See Preston v. Traders & General Ins. Co., Tex.Civ.App., 329 S.W.2d 129 (wr. ref. n. r. e.). Petitioner is entitled to judgment for all installments matured and unpaid on the former judgment and for recovery of the remainder of the balance unpaid on such judgment in weekly installments as therein provided.

The judgments of the courts below are reversed, and the cause is remanded to the District Court with instructions to render judgment for petitioner in accordance with this opinion.