The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Robert Lee BAILEY, Appellee.

No. 3797.

Court of Civil Appeals of Texas.

Eastland.

Jan. 31, 1964.

Rehearing Denied Feb. 21, 1964.

Thompson, Knight, Wright & Simmons, Dallas, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

WALTER, Justice.

All dates herein refer to 1963 unless otherwise stated. On May 3rd, we affirmed a judgment awarding appellee total and permanent disability benefits under the Workmen's Compensation Act for an injury sustained by him on or about November 15, 1960. The Travelers Insurance Company v. Robert Lee Bailey, Tex.Civ.App., 368 S.W.2d 60. On May 7th, appellee died. Appellee does not contend that Bailey's death is related to his compensable injury. On May 24th we overruled appellant's motion for a rehearing. Appellant's application for writ of error to the Supreme Court of Texas was refused N.R.E. on July 31st. Appellant discovered that appellee had died after the mandate was issued.

Appellant has filed a motion to modify and correct the judgment, contending that the appellee was entitled to compensation for his general injury only so long as he lived. Appellant contends its position is supported by Texas Employers Insurance Association v. Phillips, 130 Tex. 182, 107 S.W.2d 991 and Estate of Burris v. Associated Employers Insurance Company, Tex., 374 S.W.2d 223.

■■ Appellee contends that the judgment of the trial court established in Bailey a vested right to recover the amount decreed. Appellee also contends, "The failure of Appellant to preserve for review any contention that the judgment of the trial court was erroneous because it unconditionally decreed recovery of unmatured installments of compensation without making provision for the possible death of Bailey precludes consideration of its Motion to Modify and Correct the Judgment." Appellee's contentions cannot be sustained because Bailey's judgment was not final at the time of his death.

In Texas Employers Insurance Association v. Phillips, Tex.Civ.App., 62 S.W.2d 313, a judgment in favor of Phillips for total and permanent disability benefits under the Workmen's Compensation Act, payable in a lump sum, was reversed and remanded. Phillips died, from causes in no way connected with the injuries upon which he predicated his claim for compensation, while his case was on appeal. His widow and children were substituted as plaintiffs and they recovered a judgment for total and permanent disability benefits payable in a lump sum. The insurance company appealed. It contended: "Plaintiff in error contended in the lower court, and that contention is renewed here, that, since Jim Phillips died of a cause independent of and in no way connected with the injuries suffered by him in the course of his employment with Garrison Brick & Tile Company, the cause of action for total and permanent disability, set out in his petition, did not survive to defendants in error as his heirs and legal representatives." The Court of Civil Appeals certified the following questions to the Supreme Court:

"Question No. 1

"Did the claim of Jim Phillips for compensation survive to his widow and two minor children (a) as his heirs at law or (b) as his legal beneficiaries under the provisions of our Workmen's Compensation Act?

"Question No. 2

"If the cause of action did not survive for the full compensation period, did it survive for the amount that accrued from the date of his injury to the date of his death?"

The Commission of Appeals in an opinion adopted by the Supreme Court in Texas Employers Insurance Association v. Phillips, 107 S.W.2d 991, answered as follows: "We answer questions Nos. 1 and 2 that the claim of Jim Phillips for compensation and any cause of action therefor, survived his death only for the amount of same accruing and unpaid from the date of his injury to the date of his death. All unaccrued and unmatured portions of said claim are extinguished at his death, so that liability exists only for the portion of same matured and unpaid at the time of his death, and hence only this portion passes to his heirs."

In the recent case of Estate of Burris v. Associated Employers Insurance Company, Tex., 374 S.W.2d 223, Burris recovered a judgment against Associated Employers Insurance Company at the rate of $24.00 per week for 401 weeks. That judgment was affirmed in Associated Employers Insurance Company v. Burris, Tex.Civ.App., 321 S.W.2d 112, (Writ Ref. N.R.E.). The insurance company paid weekly installments under the judgment until Burris died intestate on November 29, 1961. One hundred seventy-six installments were unaccrued and unpaid at the time of his death. The insurance company refused to make further payments. The administrator of Gus Burris, deceased, filed suit to mature the judgment. The judgment that the administrator take nothing was affirmed by the Court of Civil Appeals, 366 S.W.2d 683. The Supreme Court said:

"The principal question to be decided in this case is whether a final judgment awarding weekly workmen's compensation benefits for a general injury survives to the estate of the injured workman."

"When the judgment in favor of Burris became final, he had a vested right to a liquidated sum payable in weekly installments as therein provided. His situation was then substantially the same as that of a workman who has received a specific injury, and it is our opinion that the right to demand and receive unaccrued installments on the judgment survived to and may be asserted by his heirs or personal representative."

"The following excerpt from the opinion in Lahoma Oil Co. v. State Industrial Commission, 71 Okl. 160, 175 P. 836, 15 A.L.R. 817, was quoted in the Phillips case as illustrative of the reasoning of the courts on the subject:

" 'The act makes no reference to the payment of the unpaid installments of the award, in the event of death of the employee, to dependents or next of kin. It, in effect, provides that the employee, if accidentally injured, shall receive in lieu of his wages the amount fixed by the terms of the act. The average weekly wage of the employee is taken as a basis upon which to compute the compensation. Had there been no injury, the payment of wages would cease on the termination of the relation of master and servant. When the relation is terminated by death of the employé, the occasion for making compensation in lieu of wages comes to an end.'

"This reasoning applies with equal force to unaccrued weekly installments payable under the terms of a judgment, but a final judgment of a court of competent jurisdiction is quite different from a mere claim or even an award of the Industrial Accident Board."

The present case may be distinguished from the Burris case in that the judgment had become final before Burris died whereas the judgment in the present case was not final at the time of Bailey's death.

Appellant's motion to modify and correct the judgment is granted. Said judgment is modified so as to award the heirs and representatives of Robert Lee Bailey compensation at the rate of $35.00 per week from November 12, 1960 until May 7, 1963 plus interest at the rate of four percent per annum, plus hospital and medical expenses in the amount of $675.00, plus costs of court. Said sum to be payable one-third to appellee's attorneys of record and two-thirds to the heirs and representatives of Robert Lee Bailey, deceased.