Robert Lee BAILEY, Petitioner,

v.

The TRAVELERS INSURANCE CO., Respondent.

No. A–10058.

Supreme Court of Texas.

Oct. 7, 1964.

Rehearing Denied Nov. 11, 1964.

Fulmer, Fairchild & Badders, Nacogdoches, for petitioner.

Thompson, Knight, Wright & Simmons, George C. Chapman, with above firm, Dallas, for respondent.

GREENHILL, Justice.

This is a workmen's compensation case. The relevant facts are these: on May 3, 1963, the Court of Civil Appeals at Eastland affirmed a lump-sum judgment awarding Bailey total and permanent disability benefits under the Workmen's Compensation Act. 368 S.W.2d 60. On May 24, motion for rehearing was overruled. The insurer's application for writ of error was refused, no reversible error, by this Court on July 31, 1963; and the mandate was issued from the Court of Civil Appeals on August 27.

Thereafter, but within the term-time of the Court of Civil Appeals, the insurer discovered that Bailey had died on May 7, 1963, four days after the judgment in that court. It is assumed here that the cause of his death was not related to his compensable injury. The insurer filed a motion in the Court of Civil Appeals to modify and correct the judgment. It contended that Bailey was entitled to compensation for his general injury only so long as he lived. The Court of Civil Appeals found that Bailey's judgment was not final *at the time of his death* and modified the judgment so as to award his heirs and representatives weekly compensation from the date of the injury to the date of his death. 375 S.W.2d 540.

■ The action taken by the Court of Civil Appeals was based on the rule that liability for unaccrued compensation terminates with the death of the injured employee where the injury is general and death is from a cause other than the injury, Texas Employers Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991 (1937), at least where the claim has not

been reduced to final judgment, Estate of Burris v. Associated Employers Ins. Co., 374 S.W.2d 223 (Tex.1963).

Phillips and Burris are two opinions by this Court which must be considered. Both cases involved general injuries and the subsequent death of the employee from unrelated causes. In Phillips, the employee recovered a judgment in the trial court. Pending the appeal he was killed in an automobile accident. The judgment of the trial court was reversed, and the cause was remanded by the Court of Civil Appeals because of improper argument to the jury. On remand, the workman's heirs were substituted as plaintiffs and were awarded a lump-sum judgment. It was held that the *claim* for compensation and any cause of action therefor survived only up to the date of his death. The compensation was considered payment in lieu of wages; and since wages would cease at death, the compensation in lieu of wages would also cease.

In Burris, the Court of Civil Appeals affirmed the trial court's judgment in favor of the employee for 401 weekly payments. Application for writ of error was refused, no reversible error. The insurer paid the weekly installments as they accrued until Burris died. The insurer refused to make any further payments and the estate of Burris sued to mature the judgment.

Burris's cause of action had been fully litigated through the appellate courts, and no court had the power to recall the mandate when he died. It was held that the *claim* of Burris had become fully and finally adjudicated and that his heirs were entitled to the full amount of his compensation notwithstanding the death of the employee. Phillips is distinguishable on the grounds that after the death of the employee, the appellate court had ordered a new trial; and it had not been finally established that the insurer was liable. In Burris, the employee had a final judgment and not a mere claim which might be altered or denied.

The question here is whether this case falls within the Phillips rule or the Burris rule. It is our opinion that it comes within the reasoning of Burris.

In the case now before this Court, the claim of the employee Bailey had been fully adjudicated. The Court of Civil Appeals had fully reviewed the conduct of the trial court and had found that no reversible error had been committed. This Court agreed by its denial of the application for writ of error. It had thus been determined that there was no basis for reversal of the judgment.

■ In Burris, this Court set out the reason for the difference in the rights of survivors where the injury was (a) specific or (b) general. It reasoned that when the injury was specific, the amount to be paid was definite and fixed by statute. The amount being certain, there was no reason for the claim or cause of action not to survive. On the other hand, if the injury were general, the award of the Board would be subject to review by the Board upon a showing of change in condition, mistake or fraud. It may modify, increase, or terminate compensation payments. Where, however, the claim has been reduced to a lump-sum judgment which is in all things affirmed on appeal through this Court, and no further appellate steps have been taken or requested, the amount of the award has become fixed and is no longer subject to review. The judgment therefore is like the claim or cause of action for a specific injury in that it is fixed and definite; and under the reasoning of the Burris case, the insurance company should not escape liability because of the fortuitous death of the employee.

■ It is not necessary to discuss the power of the Court of Civil Appeals to modify and correct its judgments. It is sufficient to say that here the first judgment of that court was correct as it stood. Under Rule 369–a, a cause does not abate because of the death of a party after rendition of judgment in the trial court and before such cause has been finally disposed of on appeal. The Rule directs that the court "shall proceed to adjudicate such cause and render judgment therein as if all the parties thereto were living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto."

Rule 369–a has as its source Articles 1760 and 1850, Texas Revised Civil Statutes. Article 1760 once contained a proviso that "this act shall not apply to any suit or action in which the cause of action does not survive in favor or against the legal representatives of a deceased person." Texas Laws 1871, ch. 63, § 1, p. 51. Notwithstanding the proviso, this Court has held that where, as here, the deceased has a judgment in the trial court, even though the cause of action is one that does not survive, the original cause of action merges in the judgment of the trial court, and such judgment is not vacated or opened by writ of error or appeal. Ellis v. Brooks, 101 Tex. 591, 102 S.W. 94; 1907); Galveston City Ry. v. Nolan, 53 Tex. 139 (1880); Gibbs v. Belcher, 30 Tex. 79 (1867). The effect of these decisions is to give the estate a cause of action that survives as long as the judgment remains unreversed.

■ Here Bailey was awarded a judgment but payment was withheld pending appeal. It would be a harsh result if Bailey's heirs were to lose what he would have otherwise been entitled to simply because he died pending an appeal which was ultimately determined not to have been well founded.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.