George GONZALES et ux., Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4109.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1966.

Rehearing Denied Nov. 18, 1966.

Huff & Bowers, Lubbock, for appellant.

Crenshaw, Dupree & Milan, Lubbock, for appellee.

WALTER, Justice.

Tony Gonzales filed suit against Texas Employers Insurance Association for a general injury under the Workmen's Compensation Law. He died from causes wholly unrelated to his injury. His parents, as sole surviving heirs, were substituted as parties plaintiff. Among other things they pleaded that as a result of his accident, their son Tony suffered loss of the use of his left leg, his right leg and both legs. The insurance company filed exceptions to plaintiffs' petition, a general denial and said that Tony's loss of use of his leg, or legs, was due solely to the general injury to his back and that such was a general injury and that he sustained no injury to his legs.

The court granted the insurance company's motion for summary judgment and plaintiffs have appealed contending the court erred in holding that they were not entitled to benefits under the Workmen's Compensation Law as surviving parents. They also contend that the court erred in holding that accrued compensation was not payable up to the time of Tony's death.

■ The parties are in agreement that in the case of a general injury the right of action for compensation therefor does not survive, in the sense that the employee's heirs, as such, may prosecute the same; whereas, in the case of specific injury the right of action at once becomes a vested right for a liquidated sum prescribed by statute, and it survives to the heirs at law of the employee. Texas Employers Insurance Association v. Phillips, 130 Tex. 182, 107 S.W.2d 991 (Tex.Com.App.).

The appellants have pleaded a cause of action for a specific injury under Article 8306, Section 12. The appellee filed a general denial under Rule 92 of Texas Rules of Civil Procedure which puts in issue all matters pleaded by the appellants which are not required to be denied under oath.

Appellee says:

"The Second Amended Petition filed by Mr. and Mrs. George Gonzales after the death of the employee, Tony Gonzales, is an obvious attempt to circumvent the well established law of the State of Texas as announced in the cases above cited. As noted above, the claim for total and permanent incapacity by virtue

of a general injury to the back was dropped in the Second Amended Petition and plaintiffs, Mr. and Mrs. Gonzales, alleged, in essence, that by virtue of the injury to his back and low back there was an impingement and pressure on nerves leading into both of Tony Gonzales' legs resulting in a loss of use of both legs, and plaintiff sought to recover $35.00 a week for 200 weeks for the loss of use of the right leg and the same sum for the total and permanent loss of use of the left leg."

Our Supreme Court in Aetna Casualty and Surety Company v. Moore, 361 S.W.2d 183 (1962) said:

"We are in agreement with the underlying reasoning of the foregoing cases that violence would be done to the spirit and intent of Workmen's Compensation Laws if the specific injury provisions are construed to limit such recovery to instances of direct injury to the specific member, principally in the fact that to hold otherwise would preclude recovery by an injured employee of compensation for a resulting injury to a specific member not directly involved in the accident when the injured employee is unable to establish a resulting loss of earning capacity. The view we are adopting would seem clearly to be more consistent with the purposes of our Workmen's Compensation Act in its provision for compensation to an injured employee for the loss, or the loss of use, of a specific member, regardless of the question of impairment to his earning capacity."

In Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41, (1965), our Supreme Court said:

"This is a summary judgment case; and in answering the above question, we must follow certain rules laid down by this Court. Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup. 1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true."

Under the pleadings at the time summary judgment was rendered, the appellants could have recovered a judgment for a specific injury which survives to the employee's heirs.

■■ If Tony had sustained a general injury, as appellee contends, any claim he had for compensation survived his death for the amount accruing and unpaid from the date of his injury to the date of his death. Texas Employers Insurance Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991. Appellee says there are no specific pleadings of the appellants to support such a recovery. If it appears anywhere in the record that a fact issue is raised, whether supported by the pleadings or not, a summary judgment is improper. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956).

The judgment is reversed and the cause remanded.