**Virginia CARSWELL, as Next Friend of John Wesley Carswell and Angela Kay Carswell, Minors, Appellants.**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

No. 8774.

Court of Civil Appeals of Texas, Texarkana.

.

March 11, 1980.

Don Stokes, Marshall, for appellants.

Blake Erskine, Kenley, Boyland, Coghlan & Erskine, Longview, for appellee.

CORNELIUS, Chief Justice.

The Industrial Accident Board awarded John Vernon Carswell worker's compensation benefits for a general injury he sustained in the course of his employment, and in order to avoid manifest hardship, ordered the award paid in a lump sum rather than in weekly installments. Mr. Carswell was apparently not satisfied with the amount of the award and he filed suit in the District Court to set it aside. After the insurance carrier answered the suit, but before trial, Mr. Carswell died from causes not related to his compensable injury. The two minor children of Mr. Carswell sought to be substituted as plaintiffs and to recover their father's benefits, but the trial court, on the ground that the claim for general injury did not survive the claimant's death, denied their request and rendered summary judgment in favor of the insurance carrier. Mr. Carswell was paid all of the worker's compensation benefits which accrued from the date of his injury to the date of his death. The only question here is whether the children are entitled to recover the unpaid portion of the lump sum award.

It is well settled that a claim for the worker's compensation benefits provided for a specific injury survives the death of the employee and may be enforced by the employee's heirs, but a claim or even an award of benefits for a general injury does not survive the employee's death unless the award has been reduced to a final judgment

or has otherwise been fully matured. *Bailey v. Travelers Insurance Co.*, 383 S.W.2d 562 (Tex.1964); *Burris' Estate v. Associated Employers Insurance Co.*, 374 S.W.2d 223 (Tex.1963); *Texas Employers Ins. Ass'n. v. Phillips*, 130 Tex. 182, 107 S.W.2d 991 (1937); *Southern Underwriters v. Lewis*, 150 S.W.2d 162 (Tex.Civ.App., Texarkana 1941, no writ).

 Appellants recognize the rule stated but urge that an exception should be applied when the Industrial Accident Board has awarded a lump sum for a general injury. Their contention is based upon the argument that, because a lump sum award is not subject to subsequent modification by the Board, as weekly installments may be in the event of a change of circumstances, the lump sum award is as specific and definite as a claim for a specific injury and should likewise survive the death of the employee. We disagree. It is not only the possibility of future modification which prohibits the survival of an award for general injury; it is also the fact that the compensation for such injury is inherently uncertain and indefinite until it is actually reduced to a final judgment. *Texas Employers Ins. Ass'n. v. Phillips*, supra. In the case of a specific injury, the worker's compensation statutes fix a certain, definite and unequivocal payment for the loss of a specific member. The entitlement is so certain and so definite in amount that it is in the nature of a contractual vested right and the claim itself survives. See: *Federal Surety Co. v. Pitts*, 119 Tex. 330, 29 S.W.2d 1046 (1930). But in a claim for general injury, the amount of compensation to which the worker may ultimately be entitled is subject to wide variation, depending upon the percent and duration of the worker's incapacity. Therefore, there being no statutory provision for survival, a claim for general injury until it is actually reduced to a final judgment or is otherwise matured, is so uncertain and indefinite as to be incapable of survival. *Texas Employers Ins. Ass'n. v. Phillips*, supra. And although Mr. Carswell had secured a lump sum award from the Industrial Accident Board, which if allowed to become final, would have survived to his

heirs (*Southern Underwriters v. Lewis*, supra), his appeal of that award by filing suit in the district court to set it aside vacated the award in its entirety, both as to the amount and the provision for lump sum payment. *Latham v. Security Insurance Co. of Hartford*, 491 S.W.2d 100 (Tex.1972); *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 128 Tex. 313, 97 S.W.2d 674 (1936). The liability of the insurance carrier, as well as the amount and nature of any compensation to be due Mr. Carswell, again became uncertain and indefinite, and he then had the burden to obtain judgment in his favor in the court to which he had appealed. *Zurich General Accident & Liability Ins. Co. v. Rodgers*, supra. His failure to do so, even though due to his untimely death, prevents the enforcement of the Industrial Accident Board award or the survival of his claim for compensation.

The judgment of the trial court is affirmed.