Elmer Lee ANTWINE, Appellant,

v.

DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 05–84–01184–CV.

Court of Appeals of Texas, Dallas.

Sept. 25, 1985.

Rehearing Denied Oct. 23, 1985.

Ruth Rayner, Dallas, for appellant.

Maureen Murry, Thompson & Knight, Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

The independent executrix of the estate of Elmer Lee Antwine appeals the granting of a summary judgment to the Dallas Independent School District, a self-insured employer, in a worker's compensation case. Antwine's widow, who filed a plea in intervention, does not appeal from her take-nothing summary judgment.

The executrix contends that the trial court erred in granting the summary judgment because (1) the school district should be estopped from asserting that an issue existed as to the total and permanent nature of Antwine's disability because the district appealed the Board award only to contest lump sum benefits; and (2) issues of material fact existed. The executrix also asserts that the trial court erred in not making an award of statutory attorney fees. We disagree with each contention and accordingly affirm the judgment.

Rule 166–A of the Texas Rules of Civil Procedure requires that a defendant seeking summary judgment must prove that no genuine issue of fact exists as to at least one element of the plaintiff's cause of action and that as a matter of law he is entitled to judgment. *Wesson v. Jefferson Savings & Loan Association*, 641 S.W.2d 903 (Tex.1982). In determining whether the movant has carried the burden, all evidence which tends to support the nonmovant is accepted as true. *Fisher v. Beach*, 671 S.W.2d 63, 66 (Tex.App.—Dallas 1984, no writ); *Yianitsas v. Mercantile National Bank*, 410 S.W.2d 848, 849 (Tex.Civ.App. —Dallas 1967, no writ).

Antwine's case arose from an accidental back injury he suffered during the course of his employment with the school district. Antwine received a lump sum award from

the Industrial Accident Board and the school district timely filed suit in the district court to set it aside. Antwine died during the pendency of this lawsuit before his claim was reduced to final judgment; whereupon, his independent executrix was substituted. There is no dispute that Antwine's cause of action for worker's compensation benefits had not been reduced to final judgment as of the date of his death.

Antwine's back injury was a general injury within the meaning of the Worker's Compensation Act, inasmuch as all injuries are general unless there is statutory authority to compensate them as specific injuries. TEX.REV.CIV.STAT.ANN. art. 8306, § 12 (Vernon Supp.1985); *Aetna Casualty & Surety Co. v. Moore,* 361 S.W.2d 183, 185 (Tex.1962).

■ It is well settled in Texas that unaccrued worker's compensation benefits terminate with the death of the injured employee where the injury is general and the claim has not yet been reduced to final judgment. *Bailey v. Travelers Insurance Co.,* 383 S.W.2d 562, 563 (Tex.1964); *Texas Employers Insurance Association v. Phillips,* 130 Tex. 182, 107 S.W.2d 991, 993 (1937); *Carswell v. Aetna Casualty & Surety Co.,* 598 S.W.2d 20, 21–22 (Tex.Civ. App.—Texarkana 1980, no writ); *Southern Underwriters v. Lewis,* 150 S.W.2d 162, 166–67 (Tex.Civ.App.—Texarkana 1941, no writ). When Antwine died, the only claim that survived his death was one for benefits accrued and unpaid from the date of his injury until the date of his death. *Gonzales v. Texas Employers' Insurance Association,* 408 S.W.2d 521, 523 (Tex.Civ.App. —Eastland 1966, writ ref'd n.r.e.). In support of its motion for summary judgment, the school district submitted an affidavit stating that all worker's compensation benefits accruing from the date of injury until the date of death had been paid. Nothing further can be recovered; therefore, summary judgment was proper.

■ The only points raised by the executrix's response to the motion for summary judgment were that Antwine's death was work-related and that his injury resulted in total and permanent disability. These issues, however, were not relevant to the trial court's judgment. Whether Antwine's death was a result of his injury is an issue to be determined in a separate proceeding for death benefits. A suit for death benefits under the Worker's Compensation Act is an entirely separate and distinct proceeding from a suit for worker's compensation benefits paid to an employee during his lifetime. TEX.REV.CIV.STAT.ANN. art. 8306, § 8 (Vernon Supp.1985); *American Motorists Insurance Co. v. Villagomez,* 398 S.W.2d 742, 744 (Tex.1966). Moreover, the executrix's response did not raise any question with respect to the general nature of Antwine's injury or the fact of his death, or the existence or amount of any accrued and unpaid compensation which were the only relevant issues before the trial court. We overrule the contentions because Antwine's claim had not been fully and finally adjudicated prior to his death and, therefore, did not survive his death.

■ The executrix's claim of estoppel primarily amounts to a claim of essential unfairness. She urges that prior to the Board hearing, the school district advised the Board that it was only contesting Antwine's claim for lump sum payment. Even assuming that this was a binding stipulation that carried forward into the district court and beyond, such fact would still be of no avail to Antwine's executrix. The school district would still have possessed the right to appeal to the district court and to demand trial upon *that issue.* The school district's timely appeal to the district court would still have "vacated the award in its entirety, both as to the amount and the provision for lump sum payment." *Carswell,* 598 S.W. at 22. Antwine's death before the occurrence of a final trial court judgment would still produce the same result as here. Benefits to a claimant sustaining a general injury cease at death unless (a) lump sum compensation has been ordered *and* (emphasis) (b) the award has become final prior to death.

■ It appears to us that the executrix's complaint of unfairness is primarily addressed to the terms of the statute. There is no common law right to worker's compensation and the right to compensation is limited to that which the statute provides. The statutory scheme was constructed with the notion that compensation is paid in lieu of wages lost because of injury. Inasmuch as wages are payable periodically, the statute calls for compensation to be paid by the week. Because wages cease at death, compensation also ceases. *Bailey,* 383 S.W.2d at 563.

■ The statute contains two pertinent exceptions. First, if death results from a compensable injury, the beneficiaries named in the statute may make a compensation claim. We understand that Antwine's beneficiary has made such a claim, but a beneficiary's claim is no part of the worker's claim filed prior to death, the situation before us. *Villagomez,* 398 S.W.2d at 744.

■ The second statutory exception is that the award of weekly benefits may be discounted and ordered paid in a lump sum. When a worker receives a lump sum settlement and thereafter dies before the end of the benefit period, the compensation carrier might cogently argue that the worker and his estate have received a windfall because they have received more than the statutory scheme contemplates—*i.e.,* replacement of a specified portion of wages lost due to injury. If such argument is accepted, Antwine and his estate have lost nothing save the anticipation of a windfall. Be that as it may, a worker must prove hardship in order to entitle himself to lump sum benefits. TEX.REV.CIV.STAT.ANN. art. 8306, § 15 (Vernon Supp.1985). No final judgment establishing hardship was obtained prior to Antwine's death. Therefore, the general rule that benefits cease at death must apply.

■ The executrix appears to claim that the appeal to the district court was a dilatory tactic, possibly engaged in because the school district had reason to believe that Antwine was in the throes of a life threatening illness. However, the statute places no restriction on the right of a carrier to appeal the award of the Board to the courts. TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1985). Inasmuch as the statute grants the unrestricted right of appeal, the school district's motivation is irrelevant. Again, the executrix's quarrel is with the statute and any remedy must come from the Legislature.

■ The executrix also contends that attorney's fees should have been awarded even though the court rendered summary judgment for the school district upon the executrix's claim. We are unsure of the exact nature of the contention. Does the executrix seek to recover a judgment from the employer for attorney's fees *in addition to* the amounts paid directly to the worker? We have recently held that there is no basis for such a claim. *Martin v. Travelers' Indemnity Co.,* 696 S.W.2d 450 (Tex.App.—Dallas 1985, no writ) (not yet reported). Or, does the attorney at bar seek to recover a judgment calling for the estate to pay over to the attorney a portion of the money received in weekly benefits and advances by Antwine prior to his death? Any such claim would be governed by TEX.REV.CIV.STAT.ANN. art. 8306, § 7d (Vernon Supp.1985), which provides:

For representing the interest of any claimant in any manner carried from the Board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed twenty-five per cent (25%) *of the amount recovered,* such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined (emphasis added).

We do not think that the amounts voluntarily paid by a carrier or self-insured employer during the pendency of a claim qualify as an "amount recovered," certainly not an amount recovered by or through the services of the attorney. Inasmuch as the school district's voluntary payments to

Antwine cannot be considered, no recovery from the estate can be had because of the express twenty-five percent limitation of the statute. Of course, twenty-five percent of nothing equals nothing. Again, the executrix's quarrel is essentially with the perceived unfairness of the statute.

Affirmed.