Robert SIMMONS, Jr., Appellant,

v.

The UNIVERSITY OF TEXAS SYSTEM, Appellee.

No. 14561.

Court of Appeals of Texas, Austin.

March 5, 1986.

Rehearing Denied April 9, 1986.

Bob Roberts, Roberts & Weldon, Austin, for appellant.

Jim Mattox, Atty. Gen., Richard L. Webb, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

Robert Simmons, Sr. and his wife Erma Jean appeal from the district court's order granting The University of Texas System's motion for summary judgment in a worker's compensation suit for general injuries. We will reverse the judgment of the district court.

Appealing from an award of the Industrial Accident Board, Robert Simmons, Jr. filed suit against The University of Texas System for a general injury under the worker's compensation statute. On August 20, 1983, during the pendency of this lawsuit, Simmons died from causes wholly unrelated to his injury. His parents, Robert Simmons, Sr. and Erma Jean Simmons, were substituted as plaintiffs.

In this lawsuit, Mr. and Mrs. Simmons seek the *accrued* and *unpaid* worker's compensation benefits due their son from the date of his injury to the date of his death. The parties stipulated that UT System had paid worker's compensation benefits for a period of eight weeks and one day, from November 30, 1981 (immediately after the accident) to January 25, 1982. Thus, the period of *accrued* and *unpaid* benefits extends from January 25, 1982 to August 20, 1983.

UT System successfully moved for summary judgment on the theory that the claim for worker's compensation benefits did not survive Simmons' death, relying on the holding in *Carswell v. Aetna Casualty and Surety Co.*, 598 S.W.2d 20 (Tex.Civ. App.1980, no writ). In that case, the Industrial Accident Board awarded Carswell worker's compensation benefits for a general injury. Not satisfied with the amount of the lump sum award, he filed suit in district court to set it aside. Before that lawsuit came to trial, Carswell died from causes not related to the injury in question and his children were substituted as plaintiffs.

The issue was whether Carswell's children were entitled to recover the unpaid portion of the lump sum award. Carswell had been paid all of the worker's compensation benefits which *accrued* from the date of his injury to the date of his death. In holding that the children were not entitled to any additional recovery, the *Carswell* court announced broadly that "a claim or even an award of benefits for a general injury does not survive the employee's death unless the award has been reduced to a final judgment...." *Id.* at 22, *citing Bailey v. Traveler's Ins. Co.*, 383 S.W.2d 562 (Tex.1964).

It is well-settled that a claim or cause of action for a *specific* injury under the worker's compensation act survives to and may be asserted by the heirs or personal representatives of the injured employee after his death. *Burris' Estate v. Associated Employers Ins. Co.*, 374 S.W.2d 223 (Tex. 1963). This result occurs because the injured employee's right to payment is *fixed* by statute upon the occurrence of the accident. *Id.*

In their sole point of error, Mr. and Mrs. Simmons contend that the district court erred in granting summary judgment. We agree. We believe the broad rule set forth in *Carswell* reflects an incomplete reading of *Bailey* in which the Supreme Court stated that "liability for *unaccrued* compensation terminates with the death of the injured employee where the injury is general and death is for a cause other than injury...." *Bailey*, 383 S.W.2d at 563 (emphasis supplied). When considering the survival of a worker's compensation claim, the court must draw a distinction between *accrued* and *unaccrued* benefits. *Id.* Where an employee sustains a general injury during the course and scope of his employment, his claim for worker's compensation survives his death for amounts *accrued* and *unpaid* from the date of his injury to the date of his death. *Gonzales v. Texas Employers Ins. Assoc.*, 408

S.W.2d 521 (Tex.Civ.App.1966, writ ref'd n.r.e.).

Rule 166–A of the Texas Rules of Civil Procedure requires a defendant seeking summary judgment to establish that no genuine issue of fact exists as to at least one element of the plaintiff's cause of action, and that he is entitled to judgment as a matter of law. *Wesson v. Jefferson Savings and Loan Assoc.,* 641 S.W.2d 903 (Tex.1982). In determining whether the movant has carried this burden, all evidence which tends to support the non-movant is accepted as true. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975).

We conclude that UT System failed to carry its burden as to at least one element of the plaintiffs' cause of action, the survival of the claim for worker's compensation benefits. Under the holding of *Bailey,* Simmons' parents may properly continue this action for *accrued* and *unpaid* worker's compensation benefits from the date of their son's injury to the date of his death.

If UT System had established that all *accrued* benefits from the date of injury to the date of death were paid, it would have been entitled to summary judgment. However, UT System stipulated that all worker's compensation benefits accruing from the date of injury until the date of death had not been paid. Assuming proper proof at trial, these *accrued* but *unpaid* benefits can be recovered and summary judgment was therefore improper.

We reverse the judgment of the district court and remand this cause for trial.