**Bannie Yvonne FITZHUGH and Donna Hatfield, Appellants,**

v.

**ASSOCIATED INDEMNITY CORPORATION, Appellee.**

No. 11–87–225–CV.

Court of Appeals of Texas, Eastland.

March 3, 1988.

Rehearing Denied March 31, 1988.

Larry Lambert, Wilson, Lambert & Quick, Wichita Falls, for appellants.

Patrick H. O'Neill, Kern A. Lewis, Camp, Jones, O'Neill, Hall & Bates, Fort Worth, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is a worker's compensation case. George Don Fitzhugh was injured while working for his employer, and, thereafter, died from a cause other than the injury. Prior to his death, Mr. Fitzhugh had filed a claim with the Industrial Accident Board seeking compensation benefits for a general injury to his back. Following the death of Mr. Fitzhugh, Bannie Fitzhugh [his wife] and Donna Hatfield [his daughter] pursued the claim seeking compensation for the permanent loss of use of Mr. Fitzhugh's right leg, a specific injury. The trial court, based upon the jury's answer to special issues, rendered judgment for the widow and daughter for $1,026, after giving the insurance company credit for compensation payments previously made to George Don Fitzhugh. Appellants, Bannie Fitzhugh and Donna Hatfield, appeal urging that the trial court erred in failing to include in the charge a requested instruction. We reverse and remand.

It is well settled, and the parties agree, that a claim or cause of action for a "specific" injury under the worker's compensation act survives to and may be asserted by the heirs or personal representative of the injured employee. *Bailey v. Travelers Insurance Co.*, 383 S.W.2d 562 (Tex.1964); *Burris v. Associated Employers Insurance Company*, 374 S.W.2d 223 (Tex.1963). This is because the right to payment in accordance with the terms of the statute is fixed upon the occurrence of the accident. Liability, however, for unaccrued compensation terminates with the death of the injured employee where the injury is "general" and death is from a cause other than the injury. *Bailey v. Travelers Insurance Co.*, supra.

The jury found in Special Issue No. 2 that Mr. Fitzhugh's injury was a producing cause of some total loss of use of his right leg. In Special Issue No. 2A, the jury determined that the beginning date of such total loss of use was February 3, 1984, the date of the injury. The jury found in Special Issue No. 2B that the ending date of such total loss of use was October 18, 1984, the date of Mr. Fitzhugh's death. In Special Issue No. 3, the jury found that Mr. Fitzhugh's injury was not a producing cause of any partial loss of use of his right leg.

The appellants urge that the trial court erred by not instructing the jury that, in determining the duration of any total or partial loss of use, the jury should answer such questions as if Mr. Fitzhugh had not died.

The insurance company contends that the instruction would not be proper because the evidence conclusively established that the injury sustained by Mr. Fitzhugh was a general injury. Furthermore, the insurance company asserts that the failure to give the requested instruction was harmless in view of the jury's finding of a general injury.

Dr. Joe Ellis Wheeler, the treating neurosurgeon, testified that Mr. Fitzhugh's back injury caused pain and numbness in his right leg; that the pain and impairment was due to a herniated disc mashing on the right S1 nerve ending; and that such condition prevented his use of the leg in doing the usual tasks of a workman. In Dr. Wheeler's opinion, the problems Mr. Fitzhugh experienced with his leg were caused solely by the injury to his back. Dr. Wheeler found no evidence of a traumatic injury to Mr. Fitzhugh's leg.

The insurance company argues that the injury must be classified as a general injury because there is no authority that an injury to the back resulting in nerve root

compression and pain in the leg is a specific injury under TEX.REV.CIV.STAT.ANN. art. 8306, sec. 12 (Vernon Supp.1988). We disagree. The Court in *Aetna Casualty and Surety Company v. Moore,* 361 S.W.2d 183 (Tex.1962), clearly held that recovery for specific compensation does not require a direct injury to the specific member. The Court said:

> [V]iolence would be done to the spirit and intent of Workmen's Compensation Laws if the specific injury provisions are construed to limit such recovery to instances of direct injury to the specific member.

This Court in *Gonzales v. Texas Employers' Insurance Association,* 408 S.W.2d 521 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.), cited *Moore* and held that the heirs of the deceased workman had alleged a specific injury under Section 12 of Article 8306. In *Gonzales,* the workman, before his death, had filed suit urging a general injury to his back. After the death of the workman, his heirs filed an amended petition alleging that the workman suffered loss of use of his legs, a specific injury.

The evidence in the instant case does not conclusively establish that Mr. Fitzhugh did not sustain a specific injury to his leg. The appellants could seek compensation for either a specific or a general injury. See *McCartney v. Aetna Casualty & Surety Company,* 362 S.W.2d 838 (Tex.1962); *Texas Compensation Insurance Company v. Matthews,* 510 S.W.2d 640 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

◼ We also disagree with the argument of the insurance company that the jury found that Mr. Fitzhugh sustained a general injury. In Special Issue No. 1, the jury determined that Mr. Fitzhugh's incapacity was not limited to the loss of use of his right leg. The jury, however, clearly found in Special Issue No. 2 that Mr. Fitzhugh sustained some total loss of use of his right leg. In Special Issues Nos. 2A and 2B, the jury determined the duration of such total loss of use. The jury found that Mr. Fitzhugh sustained a specific injury. We think

that Special Issue No. 1 is an immaterial issue and was properly disregarded by the trial court.

We do not agree with the insurance company that the judgment of the trial court is based on Special Issue No. 1. The judgment is based upon a jury finding of a specific injury. We point out that the appellants sought compensation for a specific injury. Appellants did not seek compensation for the "accrued and unpaid" benefits. See *Simmons v. University of Texas System,* 706 S.W.2d 752 (Tex.App.—Austin 1986, no writ).

◼ We hold that the trial court erred in not including the tendered instruction in the charge.[1] The jury found that the total loss of use of Mr. Fitzhugh's leg ended on October 18, 1984, the date he died. The jury should have been instructed as requested by appellants, that in determining the duration of any total or partial loss of use, the jury should answer such questions as if Mr. Fitzhugh had not died. TEX.R. CIV.P. 277. Without the aid of this instruction, a jury will likely determine, as the jury did in the instant case, that the loss of use necessarily ended when the workman died. The rule is clearly established that in a specific injury case, the claim survives the death of the workman. The tendered instruction was not a prejudicial direct comment on the weight of the evidence. It would have provided the jury with essential information. See *Sutherland v. Illinois Employers Insurance Company of Wausau,* 696 S.W.2d 139 (Tex.App.—Houston [14th Dist.] 1985, no writ).

The judgment of the trial court is reversed, and the cause is remanded.

---

1. The instruction which appellants requested would have instructed the jury that: "in determining the duration of any TOTAL or PARTIAL LOSS OF USE, you shall answer such question (and find any such loss of use) as if Mr. Fitzhugh had not died."